IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 06 CR 451-49 |
| v. | ) | |
| | ) | Hon. Matthew F. Kennelly, |
| ARTURIO AUSTIN, | ) | presiding |
| | ) | |
| Defendant. | ) | |

POSITION PAPER REGARDING SENTENCING FACTORS

Now comes the defendant, Arturio Austin, by and through his attorney, Thomas A. Gibbons, of Kreiter and Gibbons & Associates, and takes the following position regarding sentencing factors:

1. The defendant suggests that the drug quantities set forth in the PSI which result in a base drug offense level of 38 overstate the amount of drugs for which the defendant is accountable. The probation officer's estimate of 22 kilograms of heroin and 7 kilograms of cocaine base have the lines running 7 days a week and selling the same drug quantities every day, which is not realistic. The lines did not operate every day and did not sell the same quantity of drugs every day. It was impossible to run the lines 7 days a week. Some days there was a police presence and other times no drugs were available, sometimes for several days or a week at a time.

2. Recently, Judge Manning found that a base drug offense level of 34 was appropriate for Antoine Peterson, who ran the TKO line with the defendant and also admitted to selling crack cocaine on a regular basis.

3. The defendant he denies that he supplied heroin to other Mickey Cobra members

from approximately 1998 to 2001 for use in the Rockerfeller heroin line run operated by Marshall Wooden, as set forth in lines 64 through 68.

4. The defendant maintains that he did not possess the firearm seized from his bedroom in connection with the drug offense, and he therefore objects to the two level enhancement in the offense level under 2D1.1(b)(1). The case agents found this gun under the mattress of the defendant's bed, and he purchased it to protect his himself from intruders, not for use in drug trafficking.

5. The defendant also maintains that he should receive a one point reduction in the offense level pursuant to 3E1.1(b), since he timely noted law enforcement authorities of his intention to plead guilty.

6. The defendant also maintains that since he received only two criminal history points, his computed criminal history category should be category 2, rather than category 3, as set forth in the PSI.

7. The defendant also maintains that a criminal history category of 2 overstates his criminal history, in that the first criminal history point was in 1994 for possession of cannabis, at a time when the defendant was 19 years old, and the second point was for a personal use amount of marijuana for which the defendant received a minimal state sentence of 3 months conditional discharge.

8. The defendant has been informed that on March 5, 2009, Peterson was sentenced to 160 months imprisonment by Judge Manning. The defendant would submit that in order to avoid unwarranted disparity, this should be the starting point for deciding an appropriate sentence for the defendant.

9. The defendant submits that in his case a sentence of 120 months imprisonment is

sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. sec. 3552.

10. Peterson did not cooperate in any way with the government. In contrast, as pointed out in the defendant's version of the events, the defendant both directly and indirectly was instrumental in building the case against the Mickey Cobras organization, and in uncovering the source of the fentanyl laced heroin.

11. Further, although the defendant initially minimized his conduct, he has since accepted responsibility for his actions in additional debriefings with the government, and he was continued his cooperation. This additional cooperation will be disclosed at the sentencing hearing.

12. In addition, the defendant has been on bond for over two years. During this time, he has been drug free and gainfully employed as a worker in the mail room at the University of Chicago Medical Center. The defendant also has gotten married during this period, and he continues to be close to his children, especially his son Arteria. This behavior indicates that the defendant has significant rehabilitative potential.

Wherefore, the defendant respectfully requests that this Honorable Court sentence him to a term of 120 months imprisonment followed by an appropriate period of mandatory supervised release.

                                                Respectfully submitted,

                                                By: <u>s/Thomas A. Gibbons</u>

Attorney No. 3124351
Thomas A. Gibbons
Kreiter and Gibbons
& Associates
70 W. Hubbard Street,
Suite 302
Chicago, Illinois 60610
Tel: (312) 222- 0001