UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 06 CR 451-49 |
| vs. ) | Judge Matthew F. Kennelly |
| ) | |
| ARTURIO AUSTIN ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby files this response to defendant's sentencing memorandum dated March 13, 2009.

**I.    Guideline Calculations**

   **A.    Base Offense Level**

Defendant admitted in his plea declaration that he was involved in distributing heroin in the Dearborn Homes in a line called "TKO." Defendant further admitted in his Version of the Offense that he was also involved in distributing crack cocaine in the Dearborn Homes in a line called "Bat Man." Defendant, however, continuously denied that he was one of three individuals who supplied heroin for another heroin line called "Rockefeller" being distributed by Marshall Wooden in the Dearborn Homes called "Rockefeller." While the government accepted and credited Wooden's identification of defendant as one of the three individuals who supplied Wooden and his partners (who were not charged in this conspiracy)

on "Rockefeller," the government concedes that it does not have sufficient evidence to corroborate that portion of Wooden's statement. Therefore, the government will focus on "TKO" and "Bat Man" in calculating the base offense level.

**TKO**: As defendant described in his Plea Declaration, Sentencing Memorandum and Version of the Offense, both he and Antwan Peterson sold heroin called "TKO" in the Dearborn Homes. Peterson was charged in a related case, *United States v. Antwan Peterson*, 06 CR 684-12, before the Honorable Judge Blanche M. Manning, and pled guilty to a superseding information charging him with a single count of possession of cocaine with intent to distribute. The government argued, and Peterson conceded, that Peterson's involvement with TKO constituted relevant conduct. The government agreed with Peterson's estimate that the amount of heroin distributed under the name of TKO was in excess of 10 kilograms based upon daily sales of several grams of heroin over several years.[1]

Mark Franklin worked for defendant and Peterson on "TKO," transporting the TKO heroin into the Dearborn Homes and then setting up security for the drug sales in the Dearborn Homes. Franklin was also charged in the related case before Judge Blanche M. Manning, *United States v. Mark Franklin*, 06 CR 684-29, and although he cooperated with the government, entered a plea declaration to the charged conspiracy, arguing that the base offense level was Level 36. The government and Franklin have since agreed that the amount

---

[1] As defendant notes in his Sentencing Memorandum, Judge Manning ultimately applied a base offense level 34, after Peterson's defense counsel successfully argued for a two level reduction under Application Note 10(D)(I) of §2D1.1.

2

of heroin was in excess of 10 kilograms. Franklin's plea declaration and statement are attached as Exhibit A.

**Bat Man**: As defendant admitted in his Version of the Offense, defendant distributed crack cocaine in the Dearborn Homes in a line called "Bat Man." Although the government originally believed that both defendant and Peterson were operating "Bat Man," it has since learned that Peterson stayed with "TKO" after defendant left to open up "Bat Man" with another individual. According to Franklin's statement, Franklin began working for defendant in the same capacity as he worked for defendant and Peterson on "TKO."

In an effort to find the most conservative estimate for the total amount of crack cocaine involved in the "Bat Man" line, the government has taken the position in Franklin's case that the total amount was approximately 1.5 kilograms of cocaine base in the form of crack cocaine. Therefore, to be consistent, the government again takes that position here. It is the government's understanding that defendant will not contest this amount.

**Total Amount of Controlled Substances**: The offense involved at least 10 kilograms of heroin distributed as "TKO" (converted to at least 10,000 kilograms of marijuana); 1.5 kilograms of cocaine base in the form of crack cocaine distributed as "Bat Man" (converted to approximately 20,000 kilograms of marijuana); and three kilograms of cocaine that defendant possessed on January 26, 2006 (converted to 600 kilograms of marijuana). Because the total marijuana equivalent is in excess of 30,000 kilograms, the base offense level is 38, except that the defendant is entitled to a two level reduction in the offense

3

level pursuant to Application Note 10(d)(i) of §2D1.1. Therefore, the base offense level is Level 36.

      **B.    Specific Offense Characteristics**

**Dangerous Weapons**: Even if the Court agrees that the firearm seized from under defendant's bed on January 26, 2006, was not in connection with the drug offense, defendant purchased the firearm from a person he knew was supplying firearms to other Mickey Cobras, including Antwan Peterson, in the Dearborn Homes. Therefore, it was reasonably foreseeable to defendant that firearms were used in connection with the overall conspiracy, and a two level enhancement applies pursuant to §2D1.1(b)(1).

      **C.    Role in the Offense**

Defendant acknowledged that a three level enhancement is appropriate pursuant to §3B1.1(b), for his managerial role in running TKO and Bat Man.

      **D.    Timely Acceptance**

Based upon the foregoing, the government agrees that a three level reduction is appropriate for defendant's timely acceptance of responsibility, pursuant to §3E1.1.

      **E.    Criminal History**

The government agrees that, although correctly calculated, defendant's criminal history is very minor compared to others in Criminal History Category III. Therefore, the government agrees that a Criminal History Category III over-represents defendant's actual

criminal history, but objects to defendant being dropped two levels to Criminal History Category I.

### F.     Guideline Range

An adjusted offense level is Level 38, which, at a criminal history category II, results in a Guideline Range of 262 to 327 months' imprisonment.

## II.    Sentencing Factors

### A.     Nature and Circumstances of the Offense

Defendant and other members of the Mickey Cobras Street Gang distributed heroin and other controlled substances in the Dearborn Homes while under the gang's protection. Defendant employed others, such as Mark Franklin, to set up security, while others sold defendant's heroin and crack cocaine for defendant's profit. Defendant helped turn what was supposed to have been a residential community for low income families into a large scale market for heroin and crack cocaine.

### B.     History and Characteristics of the Defendant

As further described in the Government's Version of the Offense, defendant initially assisted the government in the investigation, but ultimately misrepresented key facts rendering him useless as a cooperating witness. Since then, defendant has acknowledged and corrected several of his false statements, but that acknowledgment came too late to justify the government to seek a departure under §5K1.1. Defendant has been unable to earn additional cooperation credit since then.

### C. Seriousness of the Offense/Promote Respect for the Law/ Provide Just Punishment

In blatant disregard for the law, defendant and his co-conspirators freely sold heroin and other controlled substances in the Dearborn Homes. A significant sentence of imprisonment is warranted to provide just punishment and would reflect the seriousness of the offense.

### D. Adequate Deterrence/Protection of the Public

Although the government is aware of the difficult circumstances in which defendant was raised, being reportedly forced to join the gang at a young age due to an older sibling's membership, a significant prison sentence is nevertheless needed to deter others from the endless cycle of joining street gangs for protection and profit. Furthermore, a significant prison sentence will protect the law-abiding residents of the Dearborn Homes from defendant's and his fellow Mickey Cobra co-defendants who converted their hallways and common areas into a haven for drug and gang activity.

### E. Need to Avoid Unwarranted Disparity

Defendant argues, and to a certain extent, the government agrees that this Court should consider Peterson as a similarly-situated defendant with respect to each other's role in the offense. The government disagrees, however, that this Court should apply a de facto maximum penalty of 160 months' imprisonment simply because Judge Blanche M. Manning imposed such a sentence on Peterson on March 5, 2009. Rather, this Court should consider

6

Peterson's sentence and all of the other factors enumerated under 18 U.S.C. §3553(a) and discussed above to determine what a reasonable sentence should be in this case.

### III. Conclusion

In light of the foregoing, the government respectfully requests that this Court deny defendant's objections to the PSR and impose a reasonable sentence after considering the appropriate guideline range described above.

                                Respectfully submitted,

                                PATRICK J. FITZGERALD
                                United States Attorney

By:   *s/ Ronald L. DeWald, Jr.*
        Ronald DeWald, Jr.
        Assistant United States Attorney
        219 S. Dearborn Street, 5th Floor
        Chicago, IL 60604
        (312) 886-4187

Date: March 17, 2009

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 06 CR 451-49 |
| vs. | ) | Judge Matthew F. Kennelly |
| | ) | |
| ARTURIO AUSTIN | ) | |

### CERTIFICATE OF SERVICE

The undersigned Assistant United State Attorney hereby certifies that the **GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**, was served on March 17, 2009, in accordance with Fed. R. Crim. P. 49 and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

    *s/ Ronald L. DeWald, Jr.*
RONALD DEWALD, Jr.
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 886-4187